[No. 17079.   Department Two.   June 20, 1922.]

*In the Matter of the Disorganization of* SCHOOL DISTRICT No. 97 OF LEWIS COUNTY.[2]

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered November 8, 1921, affirming an order and decision of the county school superintendent.   Affirmed.

*C. D. Cunningham,* for appellant.
*Herman Allen,* for respondent.

PARKER, C. J.—This is an appeal from a judgment of the superior court for Lewis county, which affirmed an order and decision of the superintendent of schools of that county disorganizing school district No. 97 of that county and attaching the territory thereof to other contiguous districts.   The order and decision of the superintendent was made and rendered under the provisions of § 4470, Rem.

[1]Reported in 206 Pac. 926.
[2]Reported in 207 Pac. 1119.

Code, as amended by ch. 90 of the Laws of 1919, p. 207, giving the superintendent power to make such order and decision

"In case any school district shall have less than an average daily attendance of four pupils or shall not have maintained at least the minimum amount of school required by law during the last preceding school year, . . ." (Section 2, ch. 90, p. 208, Laws of 1919; Rem. Comp. Stat., § 4764).

It seems plain from the record before us that the school of the district so disorganized did not, during the year immediately preceding the making of the superintendent's order and decision, maintain an average daily attendance of four pupils. Counsel for the school district, in resisting the action of the superintendent, contends, however, that the average daily attendance of pupils at less than four during the year was the result of the fault of the superintendent in her arbitrary interference with the affairs of the school district and neglect of her official duty with reference thereto; and that viewing all her actions relative to the school district in connection with her order and decision disorganizing it, the latter was an arbitrary abuse of her power such as to call for interference at the hands of the court. This question was determined upon oral evidence heard by the superior court upon an appeal to that court from the superintendent's order and decision. We deem it sufficient to say that, after a careful review of the evidence, we are not convinced that the trial court reached a wrong conclusion. We do not feel that it would be profitable to analyze the evidence in detail here.

The judgment of the superior court affirming the order and decision of the superintendent is affirmed.